IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>XTERA COMMUNICATIONS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-12577 (KJC)<br><br>(Jointly Administered)<br><br>**Related D.I.: 312** |

## ORDER (I) CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AND (II) SETTING BAR DATE FOR FILING CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING A HEARING DATE THEREON

Upon the motion (the "Motion")[2] of the Debtors for the entry of an order (i) converting the above-captioned cases from chapter 11 to chapter 7 of the Bankruptcy Code, and (ii) setting a bar date for the filing of Final Fee Applications and establishing a hearing date thereon; and it appearing that the relief sought in the Motion and the entry of this Order is appropriate; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue of these cases and the Motion in this District if proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is reasonable and in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Xtera Communications, Inc. (4611); Xtera Communications, Ltd. (4611); Xtera Communications Canada, Ltd. (9560); Xtera Communications Hong Kong Ltd. (4611); PMX Holdings, Ltd (4611); Azea Networks, Inc. (7821); Neovus, Inc. (2940); Xtera Asia Holdings, LLC (4611); and Xtera Comunicacoes do Brasil LTDA (0174). The mailing address for the Debtors, solely for purposes of notices and communications, is 500 W. Bethany Drive Suite 100 Allen, TX 75013.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. As of the date of entry of this Order, pursuant to section 1112(a) of the Bankruptcy Code, the chapter 11 cases of the Debtors are converted to cases under chapter 7 of the Bankruptcy Code.

3. The Debtors shall:

    (a) Forthwith turn over to the interim chapter 7 trustee, once appointed, all records and property of their estates in their possession or control (except the Professional Fee Reserve), as required by Bankruptcy Rule 1019(4); and

    (b) Within thirty five (35) days of entry of this Order, file the schedule of any unpaid debts incurred after the Petition Date and prior to entry of this Order (to the extent such debts exist), including the name and address of each such creditor that is required by Bankruptcy Rule 1019(5)(A)(i).

4. Within fourteen (14) days of entry of this Order, the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions LLC, shall (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF and (c) docket a Final Claims Register. One combined register shall be docketed in lead case no. 16-12577 containing claims of all of these jointly administered cases. A Final Claims Register shall also be docketed in each jointly-administered case containing the claims of only that specific case. The claims agent shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

5. Notwithstanding anything to the contrary in this Order, the Debtors [are authorized] and Pacific Western Bank, as successor-by-merger to Square 1 Bank, ~~are authorized~~ [is authorized and directed] upon receipt of good funds to remit the payment for the invoice attached hereto as Exhibit A, which funds constitute funds owned by Purchaser, to purchaser, H.I.G. Europe – Neptune, Ltd. (the "Purchaser").

2

WEST\275326348.4

6. As a consequence of the consummation of the sale to the Purchaser, the chapter 7 trustee, once appointed, shall file the necessary pleadings and/or certifications of counsel to cause the caption of these chapter 11 cases to be modified to:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| In re:<br><br>XCI LIQUIDATION, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12577 (KJC)<br><br>(Jointly Administered) |
|---|---|

7. The chapter 7 trustee, once appointed, shall file the necessary pleadings and/or certifications of counsel to authorize and direct the Clerk of the Court to promptly change the dockets of these chapter 11 cases to reflect the modified names of the Debtors as set forth below:

| **Previous Name** | **Case No.** | **Current Name** |
|---|---|---|
| Xtera Communications, Inc. | 16-12577 | XCI Liquidation, Inc. |
| Xtera Commmunications, Ltd. | 16-12578 | XEU Liquidation, Ltd. |
| Xtera Communications Canada, Ltd. | 16-12579 | XCN Liquidation, Ltd. |
| Xtera Communications Hong Kong Ltd. | 16-12580 | XCHK Liquidation, Ltd. |
| PMX Holdings, Ltd. | 16-12581 | PMXH Liquidation, Ltd. |
| Azea Networks, Inc. | 16-12582 | AN Liquidation, Inc. |
| Neovus, Inc. | 16-12583 | N Liquidation, Inc. |
| Xtera Asia Holdings, LLC | 16-12584 | XAH Liquidation, LLC |
| Xtera Comunicacoes do Brasil LTDA | 16-12632 | XBR Liquidation LTDA |

8. Effective upon the date of this Order, pending the qualification of a permanent trustee under section 702 of the Bankruptcy Code, all contested matters in the Debtors' bankruptcy cases are stayed unless otherwise ordered by this Court.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: XCI Liquidation, Inc. (4611); XEU Liquidation, Ltd. (4611); XCN Liquidation, Ltd. (9560); XCHK Liquidation, Ltd. (4611); PMXH Liquidation, Ltd (4611); AN Liquidation, Inc. (7821); N Liquidation, Inc. (2940); XAH Liquidation, LLC (4611); and XBR Liquidation, LTDA (0174). The mailing address for the Debtors, solely for purposes of notices and communications, is _____.

9. Notwithstanding anything to the contrary herein, nothing in this Order or the conversion of the chapter 11 bankruptcy cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Sale Order, the terms of the Asset Purchase Agreement (as defined in the Sale Order) and all related documents, or the rights and remedies of the parties to the Asset Purchase Agreement as set forth in the Asset Purchase Agreement, in all related documents and in the Sale Order, which rights and remedies shall be preserved in their entirety.

10. The Professional Fee Reserve in the amount of $1,425,000.00 shall be continued to be possessed by DLA Piper and maintained for payment of the fees of the professionals retained by the Debtors and the Committee in the chapter 11 cases under section 327 of the Bankruptcy Code (not including those ordinary course professionals retained by the Debtor) (the "Professionals") as budgeted in the Final DIP Order to be disbursed in accordance with the Interim Compensation Order and any orders on the Final Fee Applications.

11. Except to the extent otherwise previously ordered by the Court, the Professionals shall file their final fee applications by or before __April 14__, 2017.

12. The deadline to object to a final fee application shall be __April 28__, 2017 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

13. A hearing to consider all timely filed final fee applications shall be held on __May 9__, 2017. at 11:00 a.m.

14. Within 10 days after any order on the Final Fee Application and in accordance therewith, DLA Piper shall disburse any balance of such funds to the applicable Professional. To the extent that the Professional Fee Reserve is insufficient to cover such fees and expenses, the Professionals shall be paid the remainder from the chapter 7 estates in accordance with 11 U.S.C. § 726 as soon as practicable thereafter.

2

15.  The Debtors shall cause notice of this Order to be served on all parties in interest within 3 business days of the date hereof.

16.  The Court shall retain jurisdiction over disputes pertaining to this Order.

Dated: __Feb. 21__, 2017
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE