**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>XTERA COMMUNICATIONS, INC., *et al*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 16-12577 (KJC)<br><br>(Jointly Administered)<br><br>**Hearing date: May 9, 2017 at 11:00 a.m.**<br>**Objection deadline: April 18, 2017 at 4:00 p.m.**<br><br>**Related Docket No. 328** |

**MOTION TO MODIFY ORDER (I) CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AND (II) SETTING BAR DATE FOR FILING CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING A HEARING DATE THEREON**

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of Xtera Communications, Inc. and its affiliated debtors (the "Debtors") and their estates, respectfully requests that this Court modify its *Order (I) Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and (II) Setting Bar Date for Filing Chapter 11 Fee Applications and Establishing a Hearing Date Thereon* [D.I. 328] (the "Conversion Order"). In support thereof, the Trustee respectfully states as follows:

1. On February 21, 2017 (the "Conversion Date"), the Court entered the Conversion Order. Due to the consummation of the sale of substantially all of the Debtors' assets[2] to H.I.G. Europe – Neptune, Ltd. (together with its designees and assignees, the "Purchaser"), the Conversion Order requires the chapter 7 trustee, once appointed, to file the necessary pleadings

[1] The Debtors in these chapter 7 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Xtera Communications, Inc. (4611); Xtera Communications, Ltd. (9610); Xtera Communications Canada, Ltd. (2053; Xtera Communication Hong Kong Limited (7411); PMX Holdings, Limited (4611); Azea Networks, Inc. (7821); Neovus, Inc. (2940); Xtera Asia Holdings LLC (4611); and Xtera Comunicacoes Do Brasil LTDA (0154).

[2] The Trustee understands that pre-conversion, the Debtors sold to the Purchaser, among other things, all domain names, logos, trade names and company names containing, incorporating or associated with "Xtera". Asset Purchase Agreement (Ex. A to Sale Order [D.I. 287]) ¶ 2.1(vii).

and/or certifications of counsel to cause the caption of these cases to be modified. Conversion Order ¶ 6. The Conversion Order further requires the chapter 7 trustee, once appointed, to file the necessary pleadings and/or certifications to authorize and direct the Clerk to promptly change the dockets of these cases to reflect the modified names of the Debtors. *Id.* ¶ 7.

2. On February 22, 2017, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee [D.I. 331].

3. A meeting of creditors pursuant to 11 U.S.C. § 341(a) was held on March 29, 2017.

4. As of the Conversion Date, and upon information and belief, none of the Debtors' legal corporate names has been changed. Unless and until the Debtors' names are legally changed, the Trustee cannot cause the caption of these cases to be modified or direct the Clerk to change the dockets.

5. The Trustee acknowledges his obligations under the Conversion Order, but is unable to comply with such order at this time as there are no unencumbered funds[3] in the estate to petition the name changes. Certain of the Debtors are incorporated under the laws of and based in foreign countries: Xtera Communications Ltd. (England and Wales), Xtera Communications Canada, Inc. (Canada), PMX Holdings, Ltd. (British Virgin Islands), Xtera Comunicacoes Do Brasil LTDA (Brazil) and Xtera Communications Hong Kong Ltd. (Hong Kong). In order to effectuate a corporate name change for these entities, the Trustee would be required to retain professionals to prepare, file and prosecute (to the extent necessary) the appropriate submissions in each applicable jurisdiction. Currently, the Debtors' estates do not have sufficient unencumbered cash to fund the requisite steps to accomplish the name changes.

[3] The Trustee understands certain parties assert that the funds held by the Trustee (or to be held by the Trustee) are their cash collateral. Despite such assertions, and until the interests in and to those funds are determined, the Trustee reserves fully all of his rights and remedies regarding the same.

6. Moreover, the Trustee submits that substantially all of the benefits that will derive from the changes in the Debtors' names will inure to the benefit of the Purchaser, while little (if any) benefit will inure to the estates. The Trustee has conferred with the Purchaser concerning its willingness to fund the Trustee's efforts to effectuate the Debtors' corporate name changes and has been advised that the Purchaser is willing only to fund such efforts with respect to certain of the Debtors' entities, but not all of the entities. Thus, even with the Purchaser's financial assistance, the Trustee would be unable to comply fully with the Conversion Order. The Trustee notes, however, that discussions with the Purchaser are ongoing, and the Trustee is optimistic a resolution ultimately may be reached.

7. As a result, and unless and until such time as an agreement is reached with the Purchaser, the Trustee seeks modification of the Conversion Order relieving him of his obligations thereunder to effectuate the corporate name changes for all of the Debtors. The Trustee further requests, subject to the Court's approval of this motion, authority to continue to use the following caption for all future filings in this case:

| | |
|---|---|
| In re: | Chapter 7 |
| XTERA COMMUNICATIONS, INC., *et al*,[4] | Case No. 16-12577 (KJC) |
| Debtors. | (Jointly Administered) |

8. Bankruptcy courts have broad discretion to amend or modify previous orders where subsequent events so require. *See, e.g., In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261,

[4] The Debtors in these chapter 7 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: Xtera Communications, Inc. (4611); Xtera Communications, Ltd. (9610); Xtera Communications Canada, Ltd. (2053; Xtera Communication Hong Kong Limited (7411); PMX Holdings, Limited (4611); Azea Networks, Inc. (7821); Neovus, Inc. (2940); Xtera Asia Holdings LLC (4611); and Xtera Comunicacoes Do Brasil LTDA (0154).

265 n.5 (3d Cir. 1991); *In re G-I Holdings, Inc.*, 472 B.R. 263, 277 (Bankr. D.N.J. 2012). "Generally speaking, if the motion seeks reconsideration of an order because of a mistake of fact or a change in circumstances, it is properly considered under Rule 60(b) . . . ." *See Amatangelo v. Schultz*, 870 A.2d 548, 553 (D.C. 2005).[5]

9. The Trustee seeks modification of the Conversion Order pursuant to Rule 60(b) and section 105 of the Bankruptcy Code due to a change in circumstances that prevent him from complying with the order. Rule 60(b)(6) permits the court to grant relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). It is a "residual" provision designed to cover changes in circumstances and "unforeseen contingencies." *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 255 n.9 (3d Cir.1986); *see also In re Kaiser Grp. Int'l, Inc.*, 445 B.R. 361, 367 (Bankr. D. Del. 2011). Indeed, it is common for courts to grant relief under Rule 60(b) when there is a change in circumstances from the time the original order was entered. *See, e.g., In re Gledhill*, 76 F.3d 1070, 1073, 1081 (10th Cir. 1996) (affirming bankruptcy court order granting Rule 60(b) motion to vacate previous order due to changed circumstances); *In re Integrated Health Servs., Inc.*, 2000 WL 33712482, at *2 (Bankr. D. Del. Oct. 10, 2000) ("Even if Rule 60(b) were applicable, we find that reconsideration is appropriate under Rule 60(b)(5) and (6) because facts have changed since we entered the Fee Procedures Order on the first day of this case."). Section 105(a) of the Bankruptcy Court likewise gives the Court power to modify an order if equity so requires. *See, e.g., In re Argose, Inc.*, 377 B.R. 148, 150 (Bankr. D. Del. 2007).

10. Here, there has been a change in circumstances and unforeseen contingencies that warrant the relief requested by the Trustee. Insufficient unencumbered funds in the estate prevent the Trustee from legally changing the names of the Debtors, which must first occur

[5] Rule 60(b) of the Federal Rules of Civil Procedure is made applicable to this case by application of Rule 9024 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 9024.

before he can comply with his obligations under the Conversion Order to seek a change of the case caption. Because the name changes have not (and cannot) occur at this time, it is impossible for the Trustee to cause the caption of these cases to be modified or direct the Clerk to change the dockets. As such, equity requires amendment of the Conversion Order.

WHEREFORE, the Trustee respectfully requests that the Court modify the Conversion Order to relieve the Trustee of his obligations thereunder as set forth herein and enter the proposed order attached hereto as **Exhibit 1**, and for such additional relief as the Court deems appropriate.

Dated: April 4, 2017

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (I.D. #3765)
Gregory A. Taylor (I.D. #4008)
Benjamin W. Keenan (I.D. #4724)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899-1150
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Proposed Counsel to Don A. Beskrone, Chapter 7 Trustee of the Debtors*